UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN T. MORGAN, | ) | Case No.: 3:20 CV 2058 |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| WARDEN ROBERT VASHAW, *et al.*, | ) | |
| Respondents | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner John T. Morgan's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1). Under Local Rule 72.2, the court referred the matter to Magistrate Judge Kathleen B. Burke. The case was later reassigned by General Order to Magistrate Judge Amanda M. Knapp to prepare a Report and Recommendation ("R&R"). For the following reasons, the court adopts Magistrate Judge Knapp's R&R (ECF No. 13) in its entirety and denies and dismisses Morgan's Petition. The court also declines to issue Morgan a Certificate of Appealability.

Morgan filed his Petition on September 14, 2020, challenging his no-contest plea to three counts of aggravated robbery. (R&R at 1.) As a result of his no-contest plea, the trial court sentenced Morgan to twelve years in prison. (*Id.*) The Petition asserts the following grounds for relief:

> **GROUND ONE**: Once the State elects to produce evidence, a defendant has a constitutionally guaranteed due process right to its preservation.
>
> **Supporting Facts**: Mr. Morgan was unable to provide a defense, for the lack of the courts' preserving of the evidence denying the defendant

|  |  |
|---|---|
|  | the opportunity to exam/test the alleged evidence against him. |
| **GROUND TWO**: | If evidence in the custody of law enforcement is destroyed prior to charges being filed and the appellant being able to file motion to preserve evidence , the appellant does not need to establish the evidence was materially exculpatory for the case to be dismissed due to a violation of the appellant's due process right. |
| **Supporting Facts**: | The appellant does not need to establish the evidence was materially exculpatory for the case to be dismissed. The State over stepped the constitutional provision with further proceeding with court process without the physical evidence against the defendant at hand. |
| **GROUND THREE**: | Appellant's due process rights require preservation of all evidence unt[il] charges are filed and the appellant has an opportunity to demand discovery/preservation. |
| **Supporting Facts**: | The defendant's rights were violated without the opportunity to preserve his right of innocence. The courts should not require any court procedures to continue without the defense, the allowed benefit to exam/test evidence against a defendant. |
| **GROUND FOUR**: | The trial court abused its discretion when it allowed testimony regarding bad acts evidence against the appellant thus violating appellant's due process rights to a fair trial. |
| **Supporting Facts**: | The use of one's prior acts may cause manifest injustice to one's constitutional rights. In theory could be looked as if it was double jeopardy, for the reasons one has already paid his debt to society, and may pay again for one's mistake in the past. If the courts truly had a solid case one would have no need to raise previous acts. |

(Petition at PageID #7–12.) On November 30, 2020, Respondent Ohio Attorney General filed a Return of Writ (ECF No. 10.) Morgan did not file a Traverse. On October 1, 2021, the case was reassigned from Magistrate Judge Burke to Magistrate Judge Knapp, who submitted her R&R on May 23, 2023. Objections to the R&R were due on June 6, 2023, but neither party filed any.

Accordingly, this matter is ripe for review.

Morgan's first, second, and third grounds for relief each allege a denial of due process based on the State of Ohio's failure to preserve physical evidence. (R&R at 10.) As the R&R notes, a State's failure to preserve evidence violates due process where the evidence in question is either (1) materially exculpatory, *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Agurs*, 427 U.S. 97, 111 (1976); or (2) "potentially useful," provided that the "defendant can show bad faith on the part of the police." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). It should be noted in this regard that even gross negligence is insufficient to establish bad faith. *United States v. Branch*, 537 F.3d 582, 590 (6th Cir. 2008). Rather, to show bad faith, "a defendant must prove 'official animus' or a 'conscious effort to suppress exculpatory evidence.'" *United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996) (quoting *California v. Trombetta*, 467 U.S. 479, 488 (1984)).

On direct appeal, the state court determined that the unpreserved evidence over which Morgan alleged a due-process violation fell into the "potentially useful" category. *State v. Morgan*, 2020-Ohio-292, ¶ 11 (Ct. App.). And, applying *Youngblood* and *Trombetta*, it held that Morgan failed to meet his burden to prove bad faith. *Id.* at ¶ 17. Accordingly, the state court affirmed Morgan's conviction. *Id.*

Magistrate Judge Knapp recommends that the court deny Morgan's Petition as to his first, second, and third grounds for the following three reasons: (1) Morgan failed to "present clear and convincing evidence to rebut the state court's factual findings," (2) Morgan failed to "demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented," and (3) the state court's decision "was not contrary to or an unreasonable application of clearly established federal law." (R&R at 16.) The court agrees. The unpreserved

evidence at issue—"various items of physical evidence, including a face mask, clothing, gloves, and a toy gun"—all would have required further testing to exonerate Morgan. *Morgan*, 2020-Ohio-292 at ¶ 5. Therefore, the evidence was only potentially useful, triggering a *Youngblood* analysis. In conducting that analysis, the state court did not contravene or unreasonably apply clearly established federal law. And Morgan gives the court no reason to question the state court's factual findings.

Morgan's fourth ground for relief alleges a denial of due process based on the trial court's decision to admit certain other-acts evidence. Magistrate Judge Knapp recommends that the court dismiss this claim because it is not cognizable on federal habeas review. (R&R at 19.) The court agrees. As the Supreme Court has noted, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). So, "[i]n general, alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 496, 512 (6th Cir. 2003). Because Morgan's fourth ground alleges such an evidentiary error, it is not cognizable.

After reviewing the R&R and all other relevant documents in the record, the court finds that Magistrate Judge Knapp's R&R is fully supported by the record and controlling caselaw. Accordingly, the court adopts the R&R in its entirety and denies and dismisses the Petition. Furthermore, by failing to object to the R&R, the parties have waived the right to appeal from an order adopting the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). In the absence of a waiver, the court would not issue Morgan a Certificate of Appealability for the reasons stated by the Magistrate Judge.

IT IS SO ORDERED.

                                                                                                */s/ SOLOMON OLIVER, JR.*
                                                                                                UNITED STATES DISTRICT JUDGE

September 21, 2023